## (May 23, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ALLEN GLAZER, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered February 21, 1974, affirmed. No opinion. The case is remitted to the Supreme Court, Suffolk County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.

■ ALICE SMITH, Appellant, v COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Respondent; UNITED STATES FIDELITY & GUARANTY CO., Third-Party Defendant-Respondent.—Appeal by plaintiff from an order of the Supreme Court, Nassau County, dated October 22, 1974, which granted a motion by the third-party defendant for summary judgment dismissing the complaint and the third-party complaint. Defendant had joined in the motion insofar as the complaint was concerned. The appeal also brings up for review so much of an order of the same court, dated January 8, 1975, as, upon reargument, adhered to the original decision (CPLR 5517, subd [b]). Appeal from the order dated October 22, 1974 dismissed. That order was superseded by the order granting reargument. Order dated January 8, 1975 affirmed insofar as reviewed. Respondents are awarded one bill of $20 costs and disbursements, jointly, to cover the review of both orders. Rabin, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.

## (May 27, 1975)

■ PATRICIA B. ANDERSON, Respondent, v JOHN BARTON, Appellant.—In an action in which plaintiff had been granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Westchester County, entered January 8, 1975, which denied his motion to vacate a prior default order of the same court granting plaintiff's motion to punish defendant for contempt for failure to obey an order directing him to make support payments. Order reversed, without costs, defendant's motion granted and case remanded to Special Term for further proceedings not inconsistent herewith. On the record, denial of defendant's motion to vacate the order punishing him for contempt was an improvident exercise of discretion. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.